UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ATLANTIC CASUALTY INSURANCE
COMPANY,

          *Plaintiff*,

            -against-

ABLE SAFETY CONSULTING LLC and RONY
PASTRANA, AS GUARDIAN OF THE PERSON
AND PROPERTY OF DIEGO PASTRANA AND
RONY PASTRANA, INDIVIDUALLY,

          *Defendants*.

-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
23-CV-08129 (OEM)(JMW)

**A P P E A R A N C E S:**

    Christopher Thomas Bradley
    Maria Teresa Ehrlich
    **Marshall, Conway, Bradley & Gollub P.C.**
    45 Broadway, Suite 740
    New York, NY 10006
    *Attorneys for Plaintiff*

    Robert J La Reddola
    **La Reddola, Lester & Associates, LLP**
    600 Old Country Road, Suite 230
    Garden City, NY 11530
    *Counsel for Defendant Able Safety Consulting LLC*[1]

**WICKS**, Magistrate Judge:

Plaintiff Atlantic Casualty Insurance Company ("Atlantic" or "Plaintiff") commenced

this action against Defendants Able Safety Consulting LLC ("Able"), and Rony Pastrana, as the

guardian of the person and property of Diego Pastrana and Individually ("Pastrana" and

---

[1] As described further below, Plaintiff seeks a default judgment *only* against Defendant Able Safety
Consulting LLC.

collectively the "Defendants") seeking to obtain a declaration that Plaintiff has no duty to or obligation to defend or indemnify Able in an underlying state action. (*See generally* ECF No. 7.) Before the Court on referral from the Hon. Judge Orelia E. Merchant is Plaintiff's Motion for Default Judgment against Able (ECF No. 26) and Able's Opposition (ECF Nos. 31-32). For the reasons stated herein, the undersigned respectfully recommends that the Motion for Default Judgment (ECF No. 26) be **GRANTED**.

## BACKGROUND

### I.    *Factual Background*

The following allegations are drawn from the Complaint. (ECF No. 7.) Plaintiff is a North Carolina corporation with its principal place of business in North Carolina. (*Id.* at ¶ 8.) Defendant Able is a New York corporation with its principal place of business located in Massapequa Park, New York. (*Id.* at ¶ 9.) The remaining Defendants are domiciled in New York. (*Id.* at ¶ 10.) On November 1, 2023, Plaintiff commenced this action for declaratory judgment pursuant to 28 U.S.C. § 2201 with regard to Plaintiff's rights and obligations under an insurance policy issued by Plaintiff to Able in connection with an underlying action in state court ("Underlying Action").[2]  (*Id.* at ¶ 1.) On September 27, 2022, Pastrana filed the Verified Complaint in the Underlying Action against Biti, LLC, The Ranches Management Corp., Roslyn Landing Development LLC, Woltmann Associates Inc. and Able, outlining allegations that on June 25, 2025, his son, Diego Pastrana suffered severe injuries at a construction site while employed by non-party JME Fire Sprinkler Corp. ("JME") as a result of the negligence by the previously named defendants. (*Id.* at ¶¶ 2, 11-12.) In the Underlying Action, there were

---

[2] The Underlying Action is captioned as: *Rony Pastrana, as Guardian of the Person and Property of Diego Pastrana and Ronv Pastrana, Individually v. Biti, LLC. et al*, Index No. 600911/2021, New York Supreme Court, Nassau County.

additional filings of amended complaints. (*Id.* at ¶ 14.) At the same time, multiple third-party actions were filed. (*Id.* at ¶¶ 13, 15-16.) Plaintiff assigned counsel to represent Able under a disclaimer and as a courtesy. (*Id.* at ¶ 3.) The reason for Plaintiff's filing of this action was to obtain a declaration that it had no obligation to defend or indemnify Able "by virtue of the Exclusion of Injury to Employees, Contractors and Employees of Contractors endorsement ("Exclusion of Injury Endorsement") to Plaintiff's Policy Number L357000027-0 (the "Policy") issued to Able." (*Id.* at ¶ 4.)

The Policy was a commercial liability policy for the time period of September 24, 2019, through September 24, 2020, and provided certain coverage limits. (*Id.* at ¶¶ 17-19.) Of most relevance here, is the portion of the Policy that states insurance does not apply to,

> (i) 'Bodily injury' to any 'employee' of any insured arising out of or in the course of: (a) Employment by any insured; or (b) Performing duties related to the conduct of any insured's business; (ii) 'Bodily Injury' to any 'contractor' for which any insured may become liable in any capacity; … [t]his exclusion applies to all claims and 'suits' by any person or organization or damages because of 'bodily injury' to which this exclusion applies including damages for care and loss of services. This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of 'bodily injury' to which this exclusion applies, including any obligation assumed by an insured under any contract.

(*Id.* at ¶ 19.)

On December 2, 2022, Plaintiff sent a disclaimer letter to Able agreeing to provide the courtesy defense and in relevant part stated "[b]y providing this courtesy defense, [Plaintiff] does not waive, but rather expressly preserves, all of its rights under the above referenced insurance contract and its denial of coverage for this claim." (*Id.* at ¶ 21.) Plaintiff alleges, *inter alia*, that the "Exclusion of Injury endorsement precludes coverage for 'bodily injury' to any "employee' of a 'contractor' … [and] coverage for the Underlying Action is entirely precluded by the Exclusion of Injury endorsement." (*Id.* at ¶¶ 29, 33.) Thus, Plaintiff seeks declaratory judgment

3

that it has no duty to defend or indemnify Able because Diego Pastrana was an employee of JME while he sustained the alleged injuries. (*Id.* at ¶¶ 28, 32.) Plaintiff additionally seeks reimbursement of the costs incurred in this matter. (*Id.* at ¶¶ 36-37.)

## II.    *Procedural History*

Plaintiff filed the Complaint on November 1, 2023, along with a corporate disclosure statement. (ECF Nos. 6-7.) Plaintiff then filed the executed summonses on both Defendants. (ECF Nos. 12-13.) On January 17, 2024, Defendant Pastrana filed a Verified Answer. (ECF No. 14.) An Initial Conference was held on August 15, 2024, and a Scheduling Order was entered. (EC Nos. 17-18.) Throughout this time period Defendant Able failed to answer or otherwise appear. Plaintiff requested a Certificate of Default on September 25, 2024. (ECF No. 19.) However, due to deficiencies, Plaintiff was directed to refile its request upon attaching a certificate of service, which Plaintiff complied with. (ECF No. 20.) An Entry of Default was then filed by the Clerk on October 1, 2024. (ECF No. 21.) On October 3, 2024, the undersigned directed Plaintiff to either move for default judgment, or voluntarily dismiss this case. (Electronic Order dated 10/3/2024.) On October 16, 2024, Plaintiff filed an Affidavit of Service indicating that Able had been served with the Certificate of Default. (ECF No. 23.) Following extensions of time that were granted, on December 6, 2024, Plaintiff filed its Motion for Default Judgment and accompanying moving papers, which was referred to the undersigned for a Report & Recommendation. (ECF Nos. 26-28; Electronic Order dated 12/12/2024.) Plaintiff then filed an Affidavit of Service stating that Able was served with the Notice of Motion and additional motion papers. (ECF No. 29.)  On December 13, 2024, Able filed its Answer. (ECF No. 30.)  On December 13, 2024, the undersigned directed Plaintiff to supplement its motion papers to comply with the E.D.N.Y. Local Rules (Electronic Order dated 12/13/2024), which Plaintiff later

complied with (ECF Nos. 33-34). That same day, Able filed its Opposition and supporting

papers. (ECF Nos. 31-32.) As a result of the Opposition, the undersigned scheduled a Status

Conference on January 9, 2025. (Electronic Order dated 12/13/2024.) Plaintiff was provided

additional time to submit a Reply, which was filed on January 10, 2025. (ECF Nos. 37-38.) Upon

rescheduling, the Conference was held on January 23, 2025, and the undesigned requested

additional letter briefing on the cases relied on by Plaintiff in support of the instant motion. (ECF

No. 39.) The letters were filed on January 31, 2025, and February 7, 2025. (ECF Nos. 40-41.)

## THE LEGAL FRAMEWORK

There is a two-step process for the granting of default judgments under Fed. R. Civ. P.

55. First, as here, the Clerk of the Court enters default when a party fails to plead or otherwise

defend the action. *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Local R. 55.1(b) and 55.2. After

the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of

a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local R. 55.2. The decision to

grant a motion for default is left to the sound discretion of the district court. *No Limit Auto*

*Enterprises, Inc. v. No Limit Auto Body, Inc.*, No. 2-1CV-4755 (AMD)(JMW), 2022 WL

18399477, at *2 (E.D.N.Y. Dec. 12, 2022), *report and recommendation adopted*, 2023 WL

348271 (E.D.N.Y. Jan. 19, 2023). As the Clerk has already entered default against Defendant

(ECF No. 21), the Court is primarily concerned with Plaintiff's compliance with E.D.N.Y. Local

R. 55.2.

A default constitutes an admission of all well-pleaded factual allegations in the

complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El*

*Norteno Rest. Corp.*, No. 06-CV-1878 (RJD)(JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept.

28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true). "Where damages are susceptible to simple mathematical calculation and the plaintiff provides a 'sufficient basis from which to evaluate the fairness' of the requested damages, no evidentiary hearing is necessary." *Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.*, No. 15-CV-4410 (VM), 2018 WL 1596192, at *5 (S.D.N.Y. Mar. 28, 2018) (quoting *Am. Jewish Comm.*, 2016 WL 3365313, at *4).

However, a plaintiff must still demonstrate that the allegations set forth in the Complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). The Court, thus, must ensure: (i) Plaintiff satisfied all required procedural steps in moving for default judgment, *see* Local Civ. R. 55.2; and (ii) Plaintiff's allegations, when accepted as true, establish liability as a matter of law. *See Finkel*, 577 F.3d at 84; and (iii) Plaintiff's request for damages is adequately supported.

"Entry of default is an extreme sanction, seen by courts as a 'weapon of last, rather than first resort.'" *Joe Hand Promotions, Inc. v. Kessler*, No. 20-CV-894 (TJM) (ML), 2021 WL 4262665, at *2 (N.D.N.Y. Sept. 20, 2021) (citing *Nelson v. Gleason*, No. 14-CV-870A, 2016 WL 6875857, at *2 (W.D.N.Y. Nov. 22, 2016) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981))). That is why the Second Circuit has stated "there is a strong 'preference for resolving disputes on the merits.'" *Hellman v. Cortland Realty Invs. LLC*, No. 22-CV-08341 (ALC) (VF), 2025 WL 415388, at *2 (S.D.N.Y. Feb. 6, 2025) (citing *Enron Oil Corp. v.*

*Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Johnson v. New York University*, No. 18-3305 (2d Cir. Jan 31, 2020)).

With this legal framework in mind, the undersigned analyzes the Motion for Default Judgment.

## DISCUSSION

### I.     *Procedural Compliance*

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of law, and supporting affidavits or exhibits containing any necessary factual information for the decision of the motion.  E.D.N.Y. Local R. 7.1(a)(1) - (3).  Local Civil Rule 55.2 requires that a party moving for default judgment append to its application an affidavit or declaration demonstrating that (A) the Clerk has entered default against the Defendant, (B) the movant has complied with the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 ("SCRA"), and (C) that the individual defaulting defendant is not a minor or incompetent person, as well as all papers required by E.D.N.Y. Local Rule 7.1 (*supra*), and a proposed judgment and certificate of service that all documents in connection with the motion for default judgment has been personally served on or mailed to the defaulting defendant residence or business address.  E.D.N.Y. Local R. 55.2(a)(1)-(3).  Recently added under the Local Rules is that the moving party "must file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs."  E.D.N.Y. Local R. 55.2(c).

With respect to the non-military affidavit, before a default judgment can be entered for the plaintiff, the SCRA commands that the Court "require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and showing necessary

7

facts to support the affidavit." *ADI Glob. Distribution v. Green*, No. 20-CV-03869 (AMD) (JMW), 2023 WL 3355049, at *3 (E.D.N.Y. Apr. 24, 2023), *report and recommendation adopted*, 2023 WL 3346499 (E.D.N.Y. May 10, 2023) (citing 50 U.S.C. § 3931(A)). The SCRA requirement is inapplicable where, as here, a defendant is a corporation, rather than an individual. *See Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370148, at *9 (E.D.N.Y. Aug. 11, 2020), *report and recommendation adopted*, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) (only applying service members civil relief act to the individual defendants).

Here, the motion against the defaulting Defendant fully complies with Local Rule 7.1 and Local Rule 55.2(a)(2) because it includes (1) a notice of motion (ECF No. 26); (2) a memorandum of law (ECF No. 28); (3) affidavits and exhibits to support Plaintiff's contentions (*see* ECF No. 27); and (4) a proposed order detailing the proposed judgment (ECF No. 33). The motion further complies with Local Rule 55, as Plaintiff properly attached and submitted a declaration affirming that the Certificate of Default was entered by the Court on October 1, 2024 (ECF No. 27 at ¶ 6, 27-5.) Plaintiff has also filed affidavits of service certifying that the requisite documents were served on Defendant Able via mail and on Able's Counsel via mail. (ECF Nos. 23, 29, 34.) Finally, Local Rule 55.2(c) requiring a statement of damages is not applicable here given that Plaintiff seeks declaratory relief rather than money damages. E.D.N.Y. Local R. 55.2(c). Accordingly, the undersigned finds that the Motion for Default Judgment is procedurally proper and now turns to the merits.

## II.    *Jurisdiction*

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading*

*Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). For a court to exercise personal jurisdiction: (i) a plaintiff must complete proper service of process, (ii) there must be a statutory basis for personal jurisdiction that renders such service of process effective, and (iii) the exercise of personal jurisdiction must comport with constitutional due process principles. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673. F.3d 50, 60–61 (2d Cir. 2012). Here, Able does not contest jurisdiction. Nonetheless, the undersigned conducts a *sua sponte* review.

Importantly, service was procedurally proper here. Rule 4(c) requires that a summons must be served with a copy of the Complaint and by a person who is at least 18 years old and not a party to the case. *See* Fed. R. Civ. P. 4(c). Further, Rule 4(h) provides that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ."  *See* Fed. R. Civ. P. 4(h)(1)(B); *Hartford Fire Ins. Co. v. Queens Cnty. Carting, Inc.*, No. 20-CV-01844 (NSR), 2022 WL 254367, at *2 (S.D.N.Y. Jan. 27, 2022) (quoting Fed. R. Civ. P. 4(h)(1)(A); (e)(1)) ("Under Rule 4(h)(1)(A), a corporation may be served 'in the manner prescribed by Rule 4(e)(1) for serving an individual,' which includes 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]'"). Under New York law, service on a corporation may be made by "personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee" and "shall be complete when the secretary of state is so served."  N.Y. Bus. Corp. Law § 306(b)(1).

Here, the Affidavit of Service for Defendant Able states that Defendant was served through the New York Secretary of State by delivering two copies with Authorized Agent Nancy Dougherty. (ECF No. 12.) Accordingly, service upon Defendant Able was proper.

"Personal jurisdiction in a diversity case is determined by the law of the state in which the district court sits." *SAS Grp., Inc. v. Worldwide Inventions, Inc.*, 245 F. Supp. 2d 543, 547 (S.D.N.Y. 2003) (citing *Kernan v. Kurz–Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir. 1999)). Thus, the Court first looks to New York law for the purpose of determining personal jurisdiction. Then, the Court evaluates whether the "exercise of jurisdiction under state law satisfies federal due process requirements of 'fair play and substantial justice.'" *Mortg. Funding Corp. v. Boyer Lake Pointe, LLC*, 379 F. Supp. 2d 282, 286 (E.D.N.Y. 2005) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). In New York, a court has general jurisdiction over a defendant when "the defendant was present and doing business in New York." *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 385 (E.D.N.Y. 2015) (quoting *Reich v. Lopez,* 38 F.Supp.3d 436, 454 (S.D.N.Y.2014) (internal alterations and quotations omitted). Here, Able is a New York corporation with "its principal place of business located at 124 Front Street, Suite 207, Massapequa Park, New York 11762." (*See* ECF No. 7 at ¶ 9.) Thus, the Court has general jurisdiction over Able.

Moreover, to satisfy the requirements of due process, the Defendant's activities in New York must constitute "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum States, thus invoking the benefits and the protection of its laws." *Burger King*, 471 U.S. at 475. Since Able is domiciled in New York, it thereby availed itself of jurisdiction. With this in mind, the undersigned finds a sufficient basis for the Court to exercise personal jurisdiction over Able.

III.    ___Default Factors___

In evaluating whether to grant a default judgment, courts consider: (i) whether the defendant's default is willful; (ii) whether the defendant has a meritorious defense to plaintiff's claims; and (iii) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab. Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 (ADS)(AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013). Consideration of these three factors leads to a recommendation that an entry of default judgment is appropriate where, as here, Defendant has appeared, although late as alleged due to confusion and attorney error but presented a defense that is *not* likely to succeed. *ADI Glob. Distribution*, 2023 WL 3355049, at *4.

As for willfulness, the date by which Able was required to respond to the Complaint was December 4, 2023 (ECF No. 12).  It was not until after an entry of default and the instant motion for default judgment was filed that Able filed its Answer on December 13, 2024 (ECF No. 30). However, given the circumstances and facts presented, there is no indication or evidence that Able acted willfully. Able's Counsel admits to the mishandling and error of delaying a response. (ECF No. 32.) Likewise, Able explained that there was a confusion as to the need to answer this Complaint while the on-going state action was being defended. (*Id.* at ¶ 3.) *See Goo v. Hand Hosp. LLC*, No. 23-CV-8235 (VSB), 2025 WL 357745, at *2 (S.D.N.Y. Jan. 31, 2025) (finding Defendants did not act willful because "Defendants explain[ed] that the attorney handling this case had left the firm and due to an administrative error, the case was unassigned for a period of time. Counsel for Defendants state[d] that "[a]s soon as [they] became aware of the situation, [they] took immediate steps to address it.").

Here, Able's filing of its Answer demonstrates "an intent to participate in the lawsuit and supports [its] contention that their failure to answer the [] complaint was an administrative error." The alleged error and confusion due to the on-going state case and filing an answer does supports an intent to participate in the litigation. *Id.; see also Morales v. Uveral Meat Mkt. & Grocery Corp.*, No. 1:24-CV-8609-MKV, 2025 WL 1334670, at *1 (S.D.N.Y. May 7, 2024) (quoting *Enron Oil Corp.*, 10 F.3d at 95 (discussing that entry of a default judgment is discretionary and the Second Circuit prefers that cases be resolved "on the merits."); *Gross v. U.S. Dep't of Veterans Affs.*, No. 23-CV-2418 (GRB) (AYS), 2023 WL 5152528, at *2 (E.D.N.Y. June 15, 2023) (same)). To rise to the level of willfulness, there must be "evidence of bad faith[,] the presence of 'egregious or deliberate conduct,'" and more "than merely negligent or careless." *Id.* (internal citations omitted). This factor favors denial of the motion.

Next, Able asserts that it has a meritorious defense. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Grice v. McMurdy*, 498 F. Supp. 3d 400, 408 (W.D.N.Y. 2020) (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default … the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Am. Transit Ins. Co. v. Pierre*, No. 24-CV-360 (RPK) (CLP), 2025 WL 863865, at *3 (E.D.N.Y. Mar. 19, 2025) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004); *Bisnow LLC v. Lopez-Pierre*, No. 20-CV-3441 (PAE) (SLC), 2022 WL 17540573, at *8 (S.D.N.Y. Nov. 2, 2022), *report and recommendation adopted*, No. 20-CV-3441 (PAE) (SLC), 2022 WL 17540349 (S.D.N.Y. Dec. 5, 2022) (stating the same when analyzing a motion for default judgment)). That is, has defendant pleaded a plausible defense?

Able argues only one defense in support of the position that it has a meritorious defense, namely, estoppel based upon Atlantic providing a "courtesy defense" under a reservation of rights.[3]  (ECF No. 31 at 3.) However, New York law is clear that the defense of estoppel fails as a matter of law when the carrier asserts a reservation of rights as was done here. *See infra*, Section, IV. Accordingly, as discussed below in detail, Defendant has not established that there is a meritorious defense.

Lastly, "[t]o establish prejudice under the third factor, it must be shown that 'delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 190 (E.D.N.Y. 2025) (quoting *Henry v. Oluwole*, 108 F.4th 45, 52-53 (2d Cir. 2024)). A clear review of the docket shows that this case, although a year and a half old, is still in its nascent stage. In addition, conferences have been adjourned *sine die* pending the outcome of the instant motion. Since no risk of increased discovery is presented or argued by Plaintiff, this factor weighs against granting default as well.

As discussed further below, having found that Able does not have a meritorious defense as a matter of law and considering the other factors, the undersigned proceeds to determine if liability is established.

## IV.    *Liability*

In cases of default, the court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor[.]" *Finkel*, 577 F.3d at 84. A defendant's default is considered an admission of all of the well-pleaded allegations of liability.

---

[3] Able's Answer contains other affirmative defenses as well. However, on this motion Able does not contend that any of the additional defenses (*i.e.*, unclean hands, laches, etc.) provide a meritorious defense. (*See* ECF No. 32-2.)

*See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992).

Since this action is premised on diversity jurisdiction, the court "must apply New York's choice of law rules." *Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, No. 16-CV-2696 (ILG), 2017 WL 2912452, at *2 (E.D.N.Y. July 6, 2017) (quoting *Med. Research Assocs., P.C. v. Medcon Fin. Servs.*, 253 F. Supp. 2d 643, 647 (S.D.N.Y. 2003)). "The Second Circuit has held that a federal court sitting in diversity applies the choice-of-law rules of the state in which it sits." *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796, 2024 WL 3740439, at *6 (E.D.N.Y. Aug. 10, 2024), *report and recommendation adopted* (Sept. 27, 2024), *judgment entered*, No. 23-CV-2796 (HG) (JAM), 2024 WL 4648142 (E.D.N.Y. Sept. 30, 2024); *see Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) ("A federal court sitting in diversity applies the choice-of-law rules of the forum state.")

New York applies the "'grouping of contacts' or 'center of gravity' choice of law test for determining the applicable law to be applied in a contract case, and more specifically in an insurance contract case." *Luizzi v. Pro Transp., Inc.*, No. 02 CV 5388 (CLP), 2013 WL 3968736, at *11 (E.D.N.Y. July 31, 2013). The inquiry is which state has "most significant relationship to the transaction and the parties." *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 21, 822 N.Y.S.2d 30, 33 (App. Div. 1st Dep't 2006), *aff'd*, 9 N.Y.3d 928, 876 N.E.2d 500 (N.Y. 2007) (citing *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.,* 642 N.E.2d 1065 (N.Y. 1994)). Here, Able is a domiciliary of New York, the Underlying Action is in New York as well, and the injury of Diego Pastrana occurred within the State. Notably, this is not an issue that the parties argue or dispute. Thus, Plaintiff's request for a declaration on whether there is a duty to defend or indemnify based on the insurance contract will be considered under New York law.

"Exclusions in policies of insurance must be read *seriatim,* not cumulatively, and if any one exclusion applies there can be no coverage since no one exclusion can be regarded as inconsistent with another." *Atl. Cas. Ins. Co. v. Stone & Tile Inc.*, No. 17-CV-5534 (DLI) (ST), 2021 WL 8316280, at *6 (E.D.N.Y. Aug. 26, 2021) (quoting *Transportation Ins. Co. v. AARK Const. Grp., Ltd.*, 526 F. Supp. 2d 350, 356 (E.D.N.Y. 2007) (citing *Ruge v. Utica First Ins. Co.,* 32 A.D.3d 424 (App. Div. 2d Dep't 2006)). "When an insurer seeks to invoke an exclusionary clause in a contract to disclaim coverage, it has the burden of demonstrating that the exclusion applies in clear and unmistakable language, which is subject to no other reasonable interpretation." *Id.* (internal citations omitted); *see also Roldan v. Lewis*, 735 F. Supp. 3d 163, 177 (E.D.N.Y. 2024), *modified*, No. 20-CV-03580 (HG) (MMH), 2024 WL 4389281 (E.D.N.Y. Oct. 3, 2024) (quoting *Stein v. N. Assur. Co. of Am.*, 617 F. App'x 28, 30 (2d Cir. 2015) ("Where an insurer invokes a policy exclusion to try to avoid its duty to defend, it 'bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion.'")).

New York courts have interpreted insurance policies pursuant to the principles of contract law. *See Northway Med. Ctr. Condo v. Hartford Fin. Servs. Grp., Inc.*, 745 F. Supp. 3d 170, 183 (S.D.N.Y. 2024) (analyzing New York law) (internal citations omitted) ("Similarly, because insurance policies are analyzed as contracts generally, 'a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading.' On the other hand, there is no ambiguity where the language of an insurance policy has 'a definite and precise meaning, unattended by danger of misconception in the purport of the policy itself, and concerning which there is no reasonable basis for a difference of opinion.'").

"In determining a dispute over insurance coverage, we first look to the language of the

policy" *Consolidated Edison Co. of N.Y. v. Allstate Ins. Co.,* 774 N.E.2d 687, 693 (N.Y. 2002). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning." *Gem-Quality Corp. v. Colony Ins. Co.*, 209 A.D.3d 986, 990, 177 N.Y.S.3d 133, 138 (App. Div. 2d Dep't 2022) (quoting *White v. Continental Cas. Co.,* 9 N.Y.3d 264, 267, 848 N.Y.S.2d 603, 878 N.E.2d 1019, 1021 (N.Y. 2007)). Likewise, "[p]olicy exclusions are to be strictly and narrowly construed and are not to be extended by interpretation or implication." *Parisi v. Kingstone Ins. Co.*, 227 A.D.3d 1094, 1095, 212 N.Y.S.3d 195, 197 (App. Div. 2d Dep't 2024). That being said, "the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists." *Gem-Quality Corp.*, 209 A.D.3d at 990-91.

Here, Plaintiff's position is that by virtue of the Exclusion of Injury Endorsement within the Policy, there is no duty to defend or indemnify Able. (ECF Nos. 7 at ¶ 4; 38 at 4-7.) In relevant part, the provisions state that insurance does not apply to:

> (i) 'Bodily injury' to any 'employee' of any insured arising out of or in the course of: (a) Employment by any insured; or (b) Performing duties related to the conduct of any insured's business; (ii) 'Bodily Injury' to any 'contractor' for which any insured may become liable in any capacity; … [t]his exclusion applies to all claims and 'suits' by any person or organization or damages because of 'bodily injury' to which this exclusion applies including damages for care and loss of services. This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of 'bodily injury' to which this exclusion applies, including any obligation assumed by an insured under any contract.

(ECF No. 38 at 4-5.)

Moreover, Plaintiff argues that in its disclaimer letter dated December 2, 2022, Plaintiff agreed to provide a courtesy defense and at the same time did "not waive, but rather expressly preserve[d], all of its rights under the above referenced insurance contract and its denial of coverage for this claim." (ECF No. 28 at 7-8.) Importantly, Able does not argue that the Policy is

16

ambiguous or contend that Diego Pastrana was not an employee, which would ultimately preclude the Exclusion. (*See* ECF No. 31) Rather Able focuses solely on the defense of estoppel in opposition. (*Id.* at 3.)

The Policy terms "employee" and "contractor" are broad enough to encompass Diego Pastrana and therefore, the Exclusion applies. In a similar case, *Atl. Cas. Ins. Co. v. DTM Carpentry Corp.*, the Court held "as [Plaintiff] contends, that the Exclusion, a provision of its insurance contract with DTM, utilizes a broad definition of 'employee' and 'contractor' such that the mere fact that Villalba was performing work in connection with the [P]roject (regardless of who actually hired him or whether he was a 'subcontractor' as that term may be used outside the context of the Policy) is sufficient to trigger the application of the [Exclusion]." No. 18-CV-3508 (SFJ) (ARL), 2020 WL 92001, at *6 (E.D.N.Y. Jan. 8, 2020). Importantly, in *DTM*, the Court reasoned that insurance contracts are interpreted under contract law policies and with that, unambiguous terms will be given that effect. *Id.*; *see also Atl. Cas. Ins. Co. v. Torres Custom Framing Corp.*, No. 14-CV-5306 (SJF) (ARL), 2015 WL 6738880, at *3 (E.D.N.Y. Nov. 4, 2015) (discussing the same and holding that Plaintiff has no duty to defend or indemnify.)

The Exclusion language in this case applies to any employee or contractor that is injured. (ECF Nos. 28 at 10-11; 37 at 4-5.) As the Court in *DTM* observed, the fact that Diego was employed by JME and working at the construction site while injured fits neatly within the exclusion. (ECF No. 7 at ¶¶ 2, 11-12.) Moreover, as alleged in the Underlying Action, JME was retained as a subcontractor by Defendant. (ECF Nos. 28 at 12; 27-11 at ¶¶ 170-71.) Able does not dispute the terms of the Exclusion, but again relies solely upon estoppel.

It is axiomatic that "an insurer does not waive its right to a declaratory judgment that it has no duty to defend or indemnify by extending a courtesy defense to its insured." *United Specialty Ins. Co. v. JD Com. Builders Inc.,* 18-CV-6735 (CM), 2020 WL 4901761, at *5 (S.D.N.Y. Aug. 20, 2020) (applying New York law); *see also Lang v. Hanover Ins. Co.*, 820 N.E.2d 855, 858–59 (N.Y. 2004) ("[A]n insurance company that disclaims in a situation where coverage may be arguable is well advised to seek a declaratory judgment concerning the duty to defend or indemnify the purported insured."); *Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.*, 192 A.D.3d 28, 32, 138 N.Y.S.3d 626 (App. Div. 2d Dep't 2020) ("An insurer may also, by timely notice, reserve its right to claim that the policy does not cover the situation at issue, while defending the action."). Thus, Atlantic's decision to provide the "courtesy defense" to Able does not rise to the level of estoppel.

The only defense that Able asserts in opposition is that of estoppel. "Estoppel ... arises where an insurer acts in a manner inconsistent with a lack of coverage, and the insured reasonably relies on those actions to its detriment …. Thus, estoppel requires a showing of prejudice to the insured." *Lennox v. Chubb Nat'l Ins. Co.*, No. 24-CV-1397 (JGK), 2025 WL 219159, at *5 (S.D.N.Y. Jan. 16, 2025) (quoting *Burt Rigid Box, Inc. v. Travelers Property Cas. Corp.*, 302 F.3d 83, 95 (2d Cir. 2002)). "[I]f an insurer assumes the defense of an action and controls its defense on behalf of an insured with knowledge of facts constituting a defense to the coverage of the policy without reserving its right to deny coverage, the insurer is estopped from denying coverage at a later time, even if mistaken on the requirement of coverage" *Wise v. McCalla*, 24 A.D.3d 435, 437, 805 N.Y.S.2d 658, 660 (App. Div. 2d Dep't 2005).

Atlantic's letter denying coverage states "[Atlantic] will pay for defense costs only as of the date you tendered your defenses to [Atlantic] which was on November 15, 2022." (ECF No.

31 at 3.) Following that statement, Able claims to have relied on that representation, being "led to believe Atlantic will tender and fund a defense through the closure of the Underlying Action." (*Id.*) Thus, Able argues that it has shown a meritorious defense through reasonable reliance on Plaintiff's statements.  That alone, however, does not establish the defense of estoppel under the circumstances.

"[A]n insurer's reservation of rights generally precludes arguments as to estoppel." *Lennox*, 2025 WL 219159, at *6; *see also Peleus Ins. Co. v. Atl. State Dev. Corp.*, 587 F. Supp. 3d 7, 21 (S.D.N.Y. 2022) (collecting cases) (internal citations omitted) ("'A reservation of rights letter must give fair notice to the insured that the insurer intends to assert defenses to coverage or to pursue a declaratory relief action at a later date.' A letter with such terms 'precludes estoppel' when an insurer 'ultimately disclaims coverage,' even if it 'does so on a different ground than it initially-identified to an insured.'"); *U.S. Underwriters Ins. Co. v. Allstate Ins. Co.*, No. 10-CV-2353 (WFK) (JMA), 2013 WL 3148636, at *8 (E.D.N.Y. June 19, 2013) (citing *Pereira v. Gulf Ins. Co.,* 330 F. App'x 5, 6 (2d Cir. 2009) ("where an insurer timely reserves its right to decline coverage and takes no action inconsistent with that denial of coverage, estoppel does not apply"); *Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.*, 192 A.D.3d 28, 33, 138 N.Y.S.3d 626, 630 (App. Div. 2d Dep't 2020) ("Thus, under the particular circumstances of this case, the insurance company, given its reservation of rights, was not estopped from denying coverage to the insureds and refusing to continue to defend them in the underlying action."); *Gen. Acc. Ins. Co. v. 35 Jackson Ave. Corp.*, 258 A.D.2d 616, 618, 685 N.Y.S.2d 774, 775 (App. Div. 2d Dep't 1999) ("Moreover, General Accident is not estopped from asserting that neither of the policies at issue covers the underlying claim. Although it initially provided a defense to the Eckel defendants in the underlying action, General Accident reserved its rights to disclaim coverage.")).

In relevant part, Plaintiff's reservation of rights and disclaimer letter states:

Please accept this letter as Atlantic Casualty Insurance Company's (ACIC) statement of its position that there is no coverage for and it denies any coverage obligation with respect to the action entitled ... Rony Pastrana, as Guardian of the Person and Property of Diego Pastrana and Rony Pastrana, Individually v. Biti, LLC, et al. The matter was filed in the Supreme Court of the State of New York, Nassau County bearing a docket number of 600911/2021.

ACIC maintains its denial of coverage for the action and occurrence but will provide a courtesy interim defense to Able Safety Consulting, LLC. By providing this courtesy defense, *ACIC does not waive, but rather expressly preserves, all of its rights under the above-referenced insurance contract and its denial of coverage for this claim*.

(*See* ECF Nos. 7 at ¶ 21; 28 at 7.)

"The purpose of a reservation of rights is to prevent an insured's detrimental reliance on the defense provided by the insurer. The reservation is a sufficient preventative to reliance even if the insurer later disclaims on a basis different from the ground originally asserted in the reservation of rights." *Federated Dep't Stores, Inc. v. Twin City Fire Ins. Co.*, 28 A.D.3d 32, 37–38, 807 N.Y.S.2d 62, 67 (App. Div. 1st Dep't 2006) (citing *Village of Waterford v. Reliance Ins. Co.,* 226 A.D.2d 887, 640 N.Y.S.2d 671 (App. Div. 3d Dep't 1996)).

Able likewise does *not* dispute that the disclaimer letter included reservation of rights. The New York courts have made it abundantly clear that if notice is given by the insurer that it reserves the right to deny coverage, it will be upheld, and the insurance company will not be estopped from doing so. *See Am. W. Home Ins. Co.*, 192 A.D.3d at 33; *see also Certain Underwriters at Lloyd's London v. Covert Holdings, LLC*, 218 A.D.3d 729, 731, 192 N.Y.S.3d 674 (App. Div. 2d Dep't 2023) (internal citations omitted) ("In a letter dated December 20, 2016, the plaintiff specifically reserved its rights to withdraw from its defense of Covert Holdings in the underlying action, deny coverage obligations, and commence a declaratory judgment action, and sufficiently informed the defendants that this reservation of rights was based on the recent

20

discovery that the accident location was not, in fact, on the sidewalk in front of the portion of the premises leased by the plaintiff's insured. Therefore, it cannot be said that the plaintiff, by its conduct, lulled Covert Holdings into sleeping on its rights. Estoppel requires proof that the insured has suffered prejudice by virtue of the insurer's conduct.'").

When Able received the December 2, 2022, letter, it was put on notice that regardless of the defense provided for the Underlying Action, Atlantic may at some point deny coverage in the future. In other words, Atlantic unambiguously stated that it reserved the right to disclaim coverage and at no point waived this right.  As such, following the long line of New York case law that an insurance company's reservation of rights precludes an insured's ability to claim estoppel, Able cannot claim estoppel under these circumstances as a matter of law. *See Am. W. Home Ins. Co.*, 192 A.D.3d at 32-33 (finding that the preservation of rights letter allowed Plaintiff to deny coverage and refuse to continue representation in the underlying personal injury action). This remains true even if coverage, such as here, is provided at some point. *See O'Dowd v. Am. Sur. Co. of N.Y.*, 3 N.Y.2d 347, 355, 144 N.E.2d 359 (1957) ("However, it is also well established that an insurer may, by timely notice to the insured, reserve its right to claim that the policy does not cover the situation at issue, while defending the action.")  *Au fond*, estoppel is simply not a meritorious defense to this action.

Given the foregoing discussion, Atlantic providing a "courtesy interim defense" with a reservation of rights alone is insufficient as a matter of law to amount to estoppel.  (*Id.*) Therefore, absent a meritorious defense and having found liability is established, the recommendation of granting default is warranted.

## V.     *Relief Sought*

Plaintiff seeks a declaratory judgment and reimbursements of costs incurred within this

action. (ECF No. 7 at 11-12.)

> As a threshold matter, [a] court may consider whether to enter a declaratory judgment only if the action presents an actual case or controversy that is real and immediate, allowing specific and conclusive relief and is ripe for adjudication. Moreover, [i]n cases where the declaratory judgment may interfere with a state court action already filed, a court should not order a judgment if it will interfere with an orderly and comprehensive disposition of the litigation in state court.

*Atl. Cas. Ins. Co. v. Stone & Tile Inc.*, 2021 WL 8316280, at *4 (internal citations and quotations omitted). Additionally, Courts have found declaratory judgment to be appropriate in similar circumstances. *See Falls Lake Nat'l Ins. Co. v. BNH Constr. (NY) Inc.*, No. 24-CV-4244, 2025 WL 925826, at *12 (E.D.N.Y. Mar. 27, 2025) (finding that declaratory judgment in a default judgment motion is deemed appropriate to declare that the insurer has no duty to defend or indemnify).

Given the circumstances here, an order declaring that Plaintiff has no duty to defend or indemnify is proper. Moreover, granting a declaratory judgment here would not interfere with the disposition of the Underlying Action. Lastly, as no fee application has been attached or filed, the request for costs incurred with this action is premature and should be denied.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion for Default Judgment (ECF No. 26) be **GRANTED**, and that the Judgment declare Plaintiff has no duty to defend or indemnify Able in the Underlying Action and that Plaintiff's request for reimbursement of costs be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1) (2006 & Supp.

2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (same).

Dated:  Central Islip, New York.
      June 18, 2025

                              **RESPECTFULLY RECOMMENDED**,


                         /S/ *James M. Wicks*
                            JAMES M. WICKS
                   United States Magistrate Judge